I do not agree that plaintiff is entitled to ongoing total disability benefits under the Act. As the majority has correctly concluded, plaintiff s average weekly wage is to be measured by the wages he earned in the part-time job where he was working when injured. G.S. 97-2(5); Barnhardt v. Yellow Cab Co.,266 N.C. 419, 146 S.E.2d 479 (1966). However, by the same token, plaintiff has not sustained a wage-earning disability under the Act, because he is capable of earning at his regular job the same (in fact, greater) wages that he was earning at the part-time job with defendant-employer. See G.S. 97-2(9);Barnhardt, supra. As then Justice (later Chief Justice) Susie Sharp reasoned,
 Thus, if plaintiff, while regularly employed as a bookkeeper, had been injured as a part-time construction worker to the extent that he was permanently unable to perform manual labor, his part-time employer might well escape all liability for compensation if plaintiff were still able to earn his regular bookkeeping wages . . . . The employer and his carrier thus benefit from other wages plaintiff is still able to earn, but escape liability for other wages lie is no longer able to earn."
Id. at 428-29, 146 S.E.2d at 485 (emphasis in original).
Awarding plaintiff ongoing benefits based on his part-time earnings, even though he is capable of maintaining his full-time, 40-hour per week position, allows plaintiff to recover benefits as if the part-time job injury rendered him totally disabled. Plaintiff clearly is not totally disabled. Even if it is ultimately determined that Barnhardt is not controlling of the result in this case, plaintiff would be entitled to no more than the wage differential for 300 weeks under G.S. 97-30.
For the foregoing reasons, I respectfully dissent.
 S/ _____________ RENÉE C. RIGGSBEE COMMISSIONER